### In re Armando GUERRERO.

### No. Grand Jury 77–4 (Miami).

United States District Court,
S. D. Florida.

Nov. 15, 1977.

R. Jerome Sanford, Asst. U. S. Atty., Miami, Fla., for plaintiff.

Donald F. Spain, Miami, Fla., for defendant.

JAMES LAWRENCE KING, District Judge.

The court, *sua sponte,* supplements the record on appeal by submitting, in writing, the findings it made from the bench on October 25, 1977 at the hearing on the Government's motion for an order to show cause why one Armando Guerrero should not be held in contempt. As a result of that hearing, this court ordered Guerrero to be held in the custody of the United States Marshal, pursuant to the court's order holding him in civil contempt. The findings follow:

1. The grand jury was lawfully empanelled and sitting at Miami, Florida, and was lawfully inquiring into violations of federal criminal statutes 18 U.S.C. § 960; 22 U.S.C. § 2778(b)(2); and 26 U.S.C. § 5861(d).

2. The United States Attorney for the Southern District of Florida, Mr. J. V. Eskenazi, had authorized Assistant United States Attorney R. Jerome Sanford to appear and assist the grand jury at Miami, Florida in the inquiry being conducted by it.

3. The witness, Armando Guerrero, was lawfully subpoenaed before the grand jury on several occasions and had ample and legally sufficient time to obtain and consult with counsel prior to appearing before the grand jury on each of these occasions.

4. The witness was represented by competent and able counsel at all stages of proceedings before the court and grand jury.

5. The witness was afforded ample opportunity to consult fully with counsel after each question asked by it.

6. The Assistant United States Attorney assigned to this matter, R. Jerome Sanford, has submitted an affidavit duly sworn by himself in compliance with this court's order of October 4, 1977 which order required the Government to submit an affidavit in compliance with standards enumerated in *In re Grand Jury Proceedings,* 486 F.2d 85 (3d Cir. 1973) and *In re Grand Jury Proceedings,* 507 F.2d 963 (3rd Cir. 1975).

7. In accordance with those standards, the affiant stated that:

   a) the grand jury was lawfully convened and that the investigation undertaken was within the grand jury's jurisdiction;

   b) the item sought was relevant to the grand jury's investigation;

   c) the item was sought primarily for the purpose therein described.

8. The item sought, to wit: voice exemplars, were sought for their physical properties and not for their testimonial content.

9. Upon the basis of the Government's affidavit, submitted October 5, 1977, this court concluded that the affidavit complied with its order issued October 4, 1977.

10. Pursuant to this finding, this court entertained objections by the defendant with regard to the sufficiency of the affidavit.

11. This court determined that the defendants did not raise objections sufficient to warrant this court's ordering the Government to submit additional information as to the purpose for which the grand jury was convened and the relation of the exemplars thereto.

12. Pursuant to this finding, the United States Attorney subpoenaed Armando Guerrero to appear before the grand jury at which time the request for voice exemplars was reiterated.

13. In response to this request, Armando Guerrero declined to submit the voice exemplars.

14. Subsequent to this denial, this court entertained the Government's motion for an order to show cause why Armando Guerrero should not be held in civil contempt on October 25, 1977.

15. At the hearing on this motion, Armando Guerrero, through his attorneys, stated that he understood the obligation upon him to comply with the grand jury request but he could not supply the exemplars for reasons of conscience.

16. This court then adjudged Armando Guerrero in civil contempt and committed him to the custody of the United States Marshal to be held until such time as he agrees to comply with the grand jury's request or until the expiration of the term of the current grand jury, whichever occurs first.

This court submits the above findings of fact in accordance with its perception of the duty imposed upon it under *Beverly v. United States,* 468 F.2d 732 (5th Cir. 1972). Therefore, it is

ORDERED that the above findings be adopted as the findings of fact underlying this court's order of October 25, 1977 by which Armando Guerrero was adjudged in civil contempt.

DONE and ORDERED in chambers at Miami, Florida, this 15th day of November, 1977.